[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
In this habeas corpus petition the petitioner alleges ineffective assistance of counsel, specifically that:
"(11) The petitioner states that the defense failed to adequately investigate the defendant's mental condition as to:
(1) His ability to face the pre requisite mental intent requested to commit the offense of murder.
(2) His ability to appeal the wrongfulness of his own acts.
(3) His ability to understand the proceedings and assist his counsel in his defense."
The court assumes that in sub-paragraph one, the petitioner meant to say "form the pre requisite mental intent . . .required" and in sub-paragraph two, "His ability to appreciate the wrongfulness . . .
Thus, defense counsel allegedly neglected to formulate an insanity defense.
 DISCUSSION I
The petitioner was charged with a murder committed on February 23, 1989. He was originally represented by the public defender's office but when a potential conflict of interest appeared, a special public defender was appointed to represent the petitioner at trial. CT Page 7166
On September 24, 1990, the public defender's office filed a motion to determine competency pursuant to Section 54-56d of the statutes and the petitioner was found to be incompetent to stand trial. He had previously been examined by an expert hired by the public defender's office who had concerns about his competency.
He was subsequently found competent, but a notice to assert the insanity defense was filed in his behalf, after consultation with the expert.
The public defender's office next engaged Dr. Kenneth M. Selig, a forensic psychiatrist and member of the bar. After a thorough review of Mr. Jayne's records and a long interview of him, Dr. Selig concluded that the mental disease defense was not available.
In addition, Mr. Jaynes had denied he was present at the crime scene so that the defense would have been faced with incompatible defenses had it attempted to advance an insanity defense.
The special public defender who assumed the petitioners defense actually tried the murder charge twice, the first trial resulting in a hung jury. Counsel testified that he and his partner worked on this case and questioned the competency finding. In discussions with the public defender, he was advised of the attempt to prepare an insanity defense.
Both counsel expressed their reservations about Mr. Jaynes' competency, and took the appropriate steps to protect him on that issue.
From this record of their actions, the court concludes that both defense counsel took more than adequate steps to protect Mr. Jaynes, both as to his competency and as to the insanity defense. Obviously, they had no control over the ultimate conclusion that he was competent. Nor could they interpose the insanity defense without an expert to support it. Defense counsel did all that was reasonable in evaluating the use of the defense.
On the total evidence before it, the court is impressed by the quality of Mr. Jaynes' representation and on these findings, the petition must be denied. CT Page 7167
 II
The petitioner offered the testimony of Dr. William Chalsma, a clinical psychologist. He has treated Mr. Jaynes since 1996 and gave his opinion that he is suffering from post traumatic stress disorder (PTSD). This condition, even if related back to the time of his conviction (June 16, 1992), would not constitute the defense which the petitioner addresses in this action.
The petitioner argues, with respect to his diagnosed condition and perceived disabilities, that his trial and conviction were unfair. ("the question is one of fairness").
This court cannot correct such an inequity on this petition and the evidence before it.
 III
In the course of these proceedings, held on May 18, 1999 and June 14, 1999, the court had occasion to canvass Mr. Jaynes on the attorney-client privilege and the fact that his prior counsel would now be testifying against his interest.
When addressed on June 14 as to the special public defender, Mr. Jaynes recalled the court's prior discussion with him on May 18 concerning the public defender.
In his testimony, Mr. Jaynes recalled many episodes and details of the proceedings prior to conviction. He said he spoke to his lawyers outside the courtroom because with his deep voice he could not whisper inside the courtroom, apparently without being overheard.
He recalled being told about "secrets" and the attorney-client privilege and remembered being questioned by the CMHC team exploring his competency.
As noted by both defense counsel, the petitioner, though impaired, could communicate and responded to them.
The court notes the above because it serves to demonstrate that the question of competency in this case was not a simple one to resolve. It was decided against the petitioner despite defense counsels' efforts. CT Page 7168
 CONCLUSION
The petition is denied and judgment may enter for the defendant.
Anthony V. DeMayo, Judge Trial Referee